Ramirez    Ramirez

**Fill in this information to identify your case:**

Debtor 1  Joshua _____ Ramirez
First Name    Middle Name    Last Name

Debtor 2  Jessica _____ Ramirez
First Name    Middle Name    Last Name

United States District Court for the District of Idaho

Case number
(If known) _____

☐ Check if this is an amended plan, and list below the sections of that plan that have been changed.

_____
_____
_____

# Idaho Form Chapter 13 Plan                                    12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the bankruptcy court. The bankruptcy court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters are of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ● Included | ○ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, set out in Section 3.4 | ○ Included | ● Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ○ Included | ● Not included |
| 1.4 | Discharge: Debtor 1 is eligible for discharge of debts | ● Eligible | ○ Not eligible |
|  | Discharge: Debtor 2 is eligible for discharge of debts | ● Eligible | ○ Not eligible |

Ramirez　　　　Ramirez

**Part 2:** Plan Payments and Length of Plan

2.1 No later than thirty (30) days after the date the bankruptcy petition is filed, debtor(s) will commence making regular payments to the trustee as follows:

| | | | |
|---|---|---|---|
| $ $600.00 | per month | for 10 | months |
| $ $700.00 | per month | for 30 | months |
| $ $885.00 | per month | for 20 | months |

The Applicable Commitment Period is 60 months. Debtor(s) may not pay off this plan in less than the term of the plan without notice to interested parties and an opportunity for hearing before the court unless the plan pays all allowed unsecured claims in full.

2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

Debtor(s) acknowledge that if the debtor(s) is/are ever more than thirty (30) days delinquent on any payment due under this Section 2.1, upon request of the trustee, or request of the debtor(s) at any time, a payroll deduction order to debtor(s)' employer may immediately be issued.

2.3 Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☒ Debtor(s) project income tax refunds during the term of this plan. During the Applicable Commitment Period, debtor(s) will turn over to trustee all net income tax refunds. At any time during the term of the plan, debtor(s) shall be entitled to use a tax refund to pay taxes due any other income taxing authority and/or reasonable tax return preparation fees, unless already budgeted. Upon a stipulation between the trustee and the debtor(s), approved by an order of the court, the debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtor(s).

☐ Debtor(s) will treat income tax refunds as follows: _____

2.4 Additional payments.

*Check one.*

☒ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 The trustee, for cause, may defer not more than two monthly payments per calendar year and not more than four payments over the term of the plan, without further notice to parties or a hearing before the court.

**Part 3:** Treatment of Secured Claims

3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment (including escrow) $ amount | Amount of arrearage (if any) $ amount | Interest rate on arrearage (if applicable) enter % | Monthly plan payment on arrearage $ amount | Estimated Total payments by trustee $ amount |
|---|---|---|---|---|---|---|
| Ramirez Chase Mortgage | Ramirez Residence | $714.00 | $3,500.00 | 0 % | $58.33 | $3,500.00 |

Disbursed by:
☒ Trustee
☐ Debtor(s)

[+] [−]

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

For each creditor listed in this section 3.2 the debtor(s) will serve notice on such creditor as required in Bankruptcy Rule 7004 and file a proof of service with the court. Request for valuation of security in which creditors hold an interest must be made consistent with Rule 3012.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Chase Auto Finance | $7,569.00 | 2012 Chrysler 200 | $3,500.00 | $0.00 | $3,500.00 | 4.75 % | $65.83 | $3,950.00 |
| Wilson Bates | $590.00 | couch & loveseat | $600.00 | $0.00 | $590.00 | 4.75 % | $11.17 | $670.00 |

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim ($ amount) Date of Contract | Interest rate (enter %) | Monthly plan payment ($ amount) | Estimated total payments to trustee ($ amount) |
|---|---|---|---|---|---|
| ISU FCU | 2004 Chevrolet Colorado | $7,335.00 | 7.4 % | $185.00 | |

Date
Feb 23, 2016

Disbursed by:
☐ Trustee
☒ Debtor(s)

[+] [−]

Ramirez   Ramirez

### 3.4 Lien Avoidance

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### 3.6 Adequate Protection Payments.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☒ No later than thirty (30) days after the date the bankruptcy petition is filed, the trustee shall commence making adequate protection payments on allowed claims to the following creditor(s) until confirmation.

☐ No later than thirty (30) days after the date the bankruptcy petition is filed, the debtor(s) shall commence making payments on allowed claims of secured creditors, in an amount sufficient to provide adequate protection, directly to the creditor(s) until confirmation. The payments made under this subsection shall reduce the amount owed under the plan. The debtor(s) shall timely provide the trustee evidence of such payments, including the amount and date of the payments.

| Name of creditor | Collateral | Adequate Protection Payment ($ amount) |
|---|---|---|
| Chase Auto | 2012 Chrysler 200 | $65.83 |
| Wilson Bates | couch & loveseat | $11.17 |

### 3.7 Post-Petition Real Property Tax Payments.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☒ Real property taxes are paid through escrow by debtor(s)' mortgage holder.

☐ Real property taxes are paid directly by the debtor(s).

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest.

### 4.2 Trustee's fees

Trustee's fees are governed and paid as provided by 28 U.S.C. § 586.

### 4.3 Attorney's fees

*Check one.*

☐ Debtor(s)' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016.1, of $4,000.00 (not to exceed $4,000), exclusive of costs. Said attorney has received $640.00 prior to the filing hereof and is to be paid the remaining amount in monthly payments over the initial 12 months of distribution or in such longer period as is required to allow the trustee to make the set montly installments as set forth in this plan.

☐ Fees and costs to the debtor(s)' attorney in an amount to be proven and allowed by the court but not to exceed _____ payable in equal monthly installments over the inital ___ months of distribution. This is in addition to the fee retainer paid pre-petition ( _____ ) and any sums allowed in any previous orders.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Ramirez             Ramirez

### 4.5 Domestic support obligations.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata from, the funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $20.00.

Payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

### 7.1 Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

☒ plan confirmation.

☐ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

### 8.1 Check "None" or List Nonstandard Plan Provisions

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

Ramirez     Ramirez

X _____          X _____
Signature of Debtor 1                Signature of Debtor 2
Date    2/19/18                      Date    2/19/2018

X _____           Date    2/19/18
Signature of Debtor(s) Attorney

By filing this document, the Debtor(s), if not represented by an attorney, or debtor(s) attorney also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Idaho Form Chapter 13 Plan, other than any nonstandard provisions included in Part 8.

Ramirez    Ramirez

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims (*Part 3, Section 3.1 total*) | $3,500.00 |
| b. | Modified secured claims (*Part 3, Section 3.2 total*) | $4,090.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (*Part 3, Section 3.3 total*) | $0.00 |
| d. | Judicial liens or security interests partially avoided (*Part 3, Section 3.4 total*) | $0.00 |
| e. | Fees and priority claims (*Part 4 total*) | $7,830.00 |
| f. | Nonpriority unsecured claims (*Part 5, Section 5.1, highest stated amount*) | $20.00 |
| g. | Maintenance and cure payments on unsecured claims (*Part 5, Section 5.2 total*) | $0.00 |
| h. | Separately classified unsecured claims (*Part 5, Section 5.3 total*) | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases (*Part 6, Section 6.1 total*) | $0.00 |
| j. | Nonstandard payments (*Part 8, total*) | + $0.00 |
| | Total of lines a through j | $15,580.00 |

Clear/Reset Form